UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NHANH LE | CIVIL ACTION NO. 6:15-cv-02007 |
| VERSUS | JUDGE DOHERTY |
| MISS QUYNH ANH II, L.L.C., KHANH VO (a/k/a KENT VO), HUYNH KHANH, LAN NGUYEN VO, and UT V. NGUYEN | MAGISTRATE JUDGE HANNA |

### ORDER

Currently pending before the court is the motion to quash and for protective order (Rec. Doc. 29), which was filed on behalf of the defendants, Miss Quynh Anh II, LLC, Khanh "Kent" Vo, Lan Nguyen Vo, and the F/V Miss Quynh Anh II. The motion is opposed. Oral argument was held on January 23, 2016. For the following reasons, the motion is denied.

A.   **THE MOTION TO QUASH**

The plaintiff served a subpoena, which was issued by the United States District Court for the Western District of Louisiana, on the Deepwater Horizon Economic & Property Damages Settlement Program on or about September 13, 2006, seeking the production of records having to do with the defendants in this lawsuit. The subpoena requests production of the requested documents at the office of plaintiff's counsel Chris Zainey in New Orleans. The defendants seek to quash the subpoena on the

basis that it impermissibly seeks information concerning the defendants' ability to pay before a judgment has been entered and on the basis that it seeks the production of confidential information.

      Fed. R. Civ. P. 45(d)(3)(A) states: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter. . . or (iv) subjects a person to undue burden." The subpoena at issue requires compliance in New Orleans. Therefore, the United States District Court for the Eastern District of Louisiana is "the district where compliance is required" under Fed. R. Civ. P. 45. That is the court to which the instant motion should have been directed. When, as in this case, the court for the district where compliance is required did not issue the subpoena, it is possible for the motion to be transferred back to the court that did issue the subpoena. Under Fed. R. Civ. P. 45(f), the court where compliance is required can transfer the motion to the court that issued the subpoena – but only with the consent of the person subject to the subpoena or if the court finds that there are exceptional circumstances. In this case, there is no evidence that the instant motion has been presented to a judge in the Eastern District or that a judge from that district has transferred the motion to the Western District. Therefore, this Court lacks authority to quash the subpoena.

### B.   THE MOTION FOR PROTECTIVE ORDER

The second part of the defendants' motion requests that this Court issue an order protecting the defendants against any future attempt by the plaintiff to discover the amount of money obtained by the defendants as a result of the BP oil spill litigation or aimed at ascertaining the defendants' financial condition. This Court declines to take the requested such action without discovery having already been propounded. Should the plaintiff actually propound any discovery that the defendants believe to be improper, the defendants should first object to the discovery and then file a motion for protective order under Fed. R. Civ. P. 26(c). This Court can take up the objections at that time, but this Court lacks authority to grant the prophylactic relief sought by the defendants.

### CONCLUSION

For the reasons set forth above, the defendants' motion (Rec. Doc. 29) is DENIED, without prejudice to the right of the defendants to reurge the motion in the future if necessary and appropriate.

Signed at Lafayette, Louisiana, this 24th day of January 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE